Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:   ) CHAPTER 13 PROCEEDINGS
         )
         ) CASE NO. # 2 : 19-07604-SHG
LUPITA YBARRA RUBIO,   )
         ) TRUSTEE'S EVALUATION AND
         ) RECOMMENDATION(S) REPORT WITH
         ) NOTICE OF POTENTIAL DISMISSAL IF
         ) CONDITIONS ARE NOT SATISFIED
         ) RE: AMENDED CHAPTER 13 PLAN
         (Debtor(s)   ) *Docket #36    filed October 3, 2019*

Edward J. Maney, Trustee, has analyzed the Amended Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a1. The debtor is acting pro-se (without an attorney) and is presumed to know bankruptcy laws and the rules of bankruptcy procedure. Glass v. Hitt, 60 F.3rd 565 (9th Cir. 1995). Therefore, the Trustee presumes that the debtor is capable of timely resolving issues which may arise in this case including, but not limited to, all creditor objections and all issues and or objections delineated herein.

Pro-se debtors are required to submit a written response to the Trustee' Recommendations showing resolution of the issues. The debtor(s) is/are instructed not to submit a Stipulated Order Confirming to the U.S. Bankruptcy Court. Once the Trustee has reviewed the debtor(s)' response to the Recommendations, the Trustee will draft the Stipulated Order Confirming and forward it to the debtor(s) and/or creditors for a signature(s) as required.

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted by debtors and/ or their counsel.

**Specific Recommendations:**

1. Plan payments are currently delinquent $620 with a payment of $310 coming due December 19, 2019.

In summary, the Amended Plan can be confirmed subject to the condition(s) noted above, adequate funding, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any.*** General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, approximately $5,474 or an estimated 98% of general unsecured claims, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtors' scheduled equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1 above to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

EDWARD J. MANEY,
CHAPTER 13 TRUSTEE

By: _____
Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Lupita Rubio
726 W. Mohave
Phoenix, AZ 85007
Pro Se Debtor

By:_____
    Trustee's Clerk